# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID UPTON,<br><br>　　　　　　Petitioner,<br>v.<br><br>EDMUND BROWN, Attorney General,<br><br>　　　　　　Respondent. | Civil No.07cv1229 W (NLS)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 6] |

　　　Petitioner David Upton, a state prisoner proceeding *pro se*, filed a habeas petition contesting his confinement. On July 11, 2007, the Court granted Petitioner leave to proceed *in forma pauperis*, but dismissed the case without prejudice because Petitioner failed to name a proper respondent and failed to allege exhaustion of state judicial remedies. [Doc. No. 4.] Petitioner has not yet re-filed his petition, but seeks to appoint counsel. [Doc. No. 6.] He argues that the Court should appoint counsel because (1) as explained in his declaration to proceed *in forma pauperis*, Petitioner has less than ten dollars in his prison trust account; and (2) according to Exhibit A to the motion, Petitioner would apparently like the assistance of counsel in exhausting his state court remedies. The Court has considered Petitioner's request and **DENIES** without prejudice his motion to appoint counsel.

## Right to Counsel.

　　　The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). But financially eligible habeas petitioners may obtain counsel whenever the court "determines that the interests of justice so require.'"

18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728. When no evidentiary hearing is necessary, appointment of counsel is discretionary. *Id.* In the Ninth Circuit, indigent prisoners are not entitled to appointed counsel unless counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29.

Here, Petitioner appears to seek the assistance of counsel in exhausting his state court remedies. First, this Court will not appoint counsel to do work in the state court. Second, at this point the issues in the petition do not appear so complex such that Petitioner cannot litigate them. Under these circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

**Petitions Filed by *Pro Se* Litigants.**

Federal courts highly protect a pro se petitioner's rights. *Knaubert*, 791 F.2d at 729 (citation omitted). The court must construe a pro se petition more liberally than a petition drafted by counsel. *Id.* It must also "scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." *Id.* Even if the court accepts a state court's factual findings, it must draw its own legal conclusion regarding the legality of the incarceration. *Id.* The appellate court will review the district court's conclusion de novo. *Id.*

The Court acknowledges that counsel can provide valuable assistance: "An attorney may narrow the issues and elicit relevant information from his or her client. An attorney may highlight the record and present to the court a reasoned analysis of the controlling law." *Knaubert*, 791 F.2d at 729. The Court, however, also notes that "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record alone." *Id.*

This Court will review the state court record independently, draw its own legal conclusion and inform itself of the relevant law. Therefore, the additional assistance counsel could provide in this case, while significant, is not compelling. The Court finds that Petitioner, at this point, is capable to litigate the claims in his habeas petition.

1  Here, the "interests of justice" do not compel the appointment of counsel. Accordingly,
2  Petitioner's request for appointment of counsel is **DENIED** without prejudice.
3  **IT IS SO ORDERED.**
4  DATED: October 10, 2007

Hon. Nita L. Stormes
U.S. Magistrate Judge